U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED SHREVEPORT

AUG 1 2 2011

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

---

JESUS J. ORTIZ
AND TRACY ORTIZ

CIVIL ACTION NO: 11-0055

VERSUS

JUDGE DONALD E. WALTER

CHESAPEAKE OPERATING, INC., ET AL.

MAGISTRATE JUDGE HORNSBY

---

## MEMORANDUM ORDER

Before the Court is a Motion to Remand [Doc. #7], filed by the Plaintiffs, Jesus J. Ortiz and Tracy Ortiz. The Defendants, Chesapeake Operating, Inc. ("Chesapeake"), Bronco Oilfield Services, Inc. ("Bronco"), RPC, Inc. of Delaware ("RPC"), Cudd Energy Services, National Union Fire Insurance Company, and the Insurance Company of Pennsylvania oppose this motion.

Upon motion by the Plaintiffs, the Court allowed limited jurisdictional discovery for the purpose of developing information regarding the citizenship of the Defendants. After discovery was closed the parties were allowed to submit supplemental memoranda as to whether remand is appropriate. For the reasons stated herein, Plaintiffs' Motion to Remand [Doc. #7] is **DENIED**.

## BACKGROUND

In December of 2009, Jesus Ortiz was working at the Davis 36 H-1 well site in Mansfield, Louisiana, which is owned by Chesapeake. RPC and its subsidiary, Bronco, were hired by Chesapeake to service the well. Mr. Ortiz was employed by RPC as a shop-hand. On December 29, 2009, Mr. Ortiz was working on equipment for the Davis 36 H-1 well when a reduction in flow occurred. Mr. Ortiz removed some debris from the pipe, which suddenly released trapped air pressure and caused an explosion. Mr. Ortiz allegedly suffered serious injuries as result of an

explosion; one being sufficiently severe to require the amputation of his lower right arm.

Plaintiffs originally filed suit in the 42nd Judicial District Court of DeSoto Parish, Louisiana. Chesapeake removed the matter to federal court with the consent of the other named Defendants, claiming diversity jurisdiction under 28 U.S.C. § 1332. [Doc.#1]. Plaintiffs subsequently filed a motion for remand challenging the diversity of RPC and Bronco. [Doc. #7].

## LAW AND ANALYSIS

This Court has original jurisdiction in all civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The diversity statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1).

In *Hertz Corp. v. Friend, et al*, 130 S.Ct. 1181 (2010), the Supreme Court recognized the existing confusion in determining the diversity of corporations who appear in federal court and the need for a clear, simple definition of "principal place of business" to create uniformity and consistency in the decisions of the lower courts. *Id.* at 1194. In an effort to provide more uniform interpretation and greater predictability, the Supreme Court concluded that "principal place of business" refers to the place where a corporation's officers direct, control, and coordinate the corporation's activities – also known in some circuits as the corporation's "nerve center". *Id.* This test provides simplicity, and eliminates the necessity of the Court to "weigh corporate functions, assets, or revenues different in kind, one from the other." *Id.*

2

In contravention of *Hertz*, Plaintiffs encourage the Court to consider various factors to determine diversity, including an inquiry into the ratio of the day-to-day management of the Defendants' activities in various states. This is precisely the type of complicated and confusing analysis the Supreme Court sought to eliminate in *Hertz*. This Court sees no reason to diverge from the simple test supplied by the Supreme Court.

A.  RPC

Plaintiffs argue that this Court should not consider RPC's purported headquarters in Georgia to determine diversity because RPC merely serves as a "holding company" to ensure diversity for its subsidiaries, which manage day-to-day activities in Louisiana, Texas, and Oklahoma. [Doc. #22 at 8]. As support for this theory, Plaintiffs offer the number of persons employed by RPC in Louisiana, Oklahoma, Texas, and Georgia. Plaintiffs also argue that RPC's principal place of business is Texas because RPC owns two buildings in Texas and because the majority of day-to-day operational decisions occur in Texas, and are merely reported to the executives and directors in Georgia. [Doc. #22 at 4-8].

The Court finds these arguments unpersuasive and in conflict with the test set forth in *Hertz*. The affidavits presented by RPC clearly demonstrate that the actual direction, control, and coordination of RPC's corporate-wide activities occur in Georgia. These include overall policy making, decisions regarding financial expenditures, the implementation of an overall business plan, information technology, executive payroll and retirement, and asset management.

It is evident to the Court that RPC's office in Georgia controls not only the "purse strings" of the corporation, but also the overall policy decisions for itself and its subsidiaries. As such, the

3

Georgia office is the "nerve center", and thus the "principal place of business" under *Hertz*. It is the finding of the Court that RPC is a citizen of both Georgia and Delaware, the state of its incorporation.

B.   Bronco

Bronco is a subsidiary of RPC. In general, when a subsidiary is incorporated separately from its parent corporation it is treated as an independent entity when determining diversity. *Astra Oil Trading NV v. Petrobras Am. Inc.*, 2010 WL 3069793 (S.D. Tex. 2010) (citing *J.A. Olson Co. v. City of Winona, Mississippi*, 818 F.2d 401, 415 (5th Cir. 1987).

As with RPC, Plaintiffs urge the Court to endeavor into balancing the varying degrees activity in which Bronco is engaged in Texas, Louisiana, and Georgia. Plaintiffs also argue that Bronco has failed to set forth what, if any, direction, control, and coordination of its business activities actually occur in Georgia. Plaintiffs assert that Bronco is a completely separate business entity that makes independent management decisions from RPC.

In an effort to bring clarity to the dispute the Court ordered Bronco to disclose where (which state) its corporate officers direct, control, and coordinate its business activities. In response Bronco provided an affidavit setting forth the names Bronco's corporate officers, noting that all of the officers live and work in the Atlanta, Georgia metro area. [Doc. #37-1]. In addition, the affidavit establishes that these same corporate officers in Georgia direct and control Bronco's corporate activities in Texas and Louisiana. *Id.* This is sufficient to meet the standard under *Hertz*.

Like RPC, it is the finding of the Court that Bronco is a citizen of both Georgia and Delaware.

4

## CONCLUSION

For the reasons stated herein, it is the finding of the Court that RPC and Bronco are citizens of Georgia and Delaware, which supports the conclusion that complete diversity pursuant to 28 U.S.C. § 1332 exists in this case. Accordingly, Plaintiffs' Motion to Remand [Doc. #7] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this ___ day of August, 2011.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE

5